FILED
2005 Mar-31  PM 07:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **IN RE: LIBERTY NATIONAL** ) | |
| **INSURANCE CASES** ) | Master Case Number |
| ) | **2:02-cv-2741-UWC** |
| ) | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

| | |
|---|---|
| **ELLEN GAYLE MOORE**, **FANNIE** ) | |
| **W. McCONNELL, and ANITA BOWERS,** ) | |
| on behalf of themselves and all others ) | |
| similarly situated, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Lead Case Civil Action Number |
| **vs.** ) | **2:99-cv-3262-UWC** |
| ) | |
| **LIBERTY NATIONAL LIFE** ) | |
| **INSURANCE COMPANY** ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION ON PENDING MOTIONS**

The parties have moved the Court to reconsider its Class Certification Order and Memorandum Opinion. (*See* MC Docs. 57, 72.) Additionally, Plaintiffs seek to further amend their Second Amended Complaint and Defendant seeks to amend its motion to reconsider. (*See* MC Doc. 78, 67.) This Memorandum Opinion addresses these motions.

### I. Liberty National's Objections to the Class Definition

On May 18, 2004, the Court entered a Class Certification Order in which the class was defined as:

> All black Americans who have (or had at the time of the policy's termination) an ownership interest in an industrial life insurance policy or burial policy [1] issued prior to January 1, 1966, at a higher rate than similar plans offered to similarly situated white Americans by Defendant Liberty National Insurance Company, or its subsidiary Service Insurance Company of Alabama.

Liberty National opposes the class definition. First, Liberty National contends that the class definition does not clearly indicate that the lawsuit is restricted to insurance policies issued by Liberty National and Service Insurance Company of Alabama ("Service Insurance"). Liberty National argues that the definition could apply to any company whose rates where higher than the rates Liberty National and Service Insurance charged white Americans. While the Court's initial Memorandum Opinion makes clear that the policies at issue in this action are policies issued <u>by</u> Liberty National or Service Insurance, the Court

---

[1] The terms "industrial insurance policy" and "burial policy" are not limited to the statutory definition of industrial life insurance. Rather, these terms refer, without limitation, to:

a) any life insurance policy stamped, marked, or otherwise referred to or categorized (either expressly or commonly) as "industrial," "debit," "burial," "funeral," or "home service" insurance;

b) life, health, and accident insurance policies (which include an accidental death benefit) with a face value of less than $25,000;

c) ordinary and monthly debit ordinary policies with a face amount of $10,000 or less; and

d) insurance policies collected on a "home service," or a "debit" method of payment.

agrees that the definition can be improved.

Liberty National's challenge to the "ownership interest" terminology in the class definition is due to be overruled.

Liberty National also objects to the Court's definition of the terms "industrial life" policy and "burial" policy. (*See supra* note 2.)  The objection is well-taken.  Accordingly, the Court will amend its class certification order as follows:

> The terms "industrial insurance policy" and "burial policy" are not limited to the statutory definition of industrial life insurance. Rather, a Liberty National or Service Insurance industrial insurance policy is one that pays a pre-determined and fixed face monetary amount (not to exceed $2,000) directly to the beneficiary, including any life insurance policy stamped, marked, or otherwise referred to or categorized (either expressly or commonly) as "industrial," "debit," or "home service" insurance. A Liberty National or Service Insurance burial or funeral policy is one which provides "goods" (including, but not limited to, a casket, burial outfit and other funeral services) to the beneficiary on the death of the insured.

## II.  Challenges to the Certification of Plaintiffs' State Law Claim

Liberty National's motion to amend the Court's class certification order is due to be granted with respect to Plaintiffs' contract claim under Alabama law.  Indeed, Plaintiffs have "elected not to pursue the breach of contract claim in this action." (MC Doc. 84, Pls.' Resp. to Def.'s Br. at p. 2, n.1.)  Accordingly, by separate order, the Court will dismiss Plaintiffs' breach of contract claim, without prejudice.

## III.  Objection to the Failure to Enumerate Class Claims

Liberty National argues that the Court has failed to set forth the class "issues" in the certification order, in contravention of Federal Rule of Civil Procedure 23(c)(1)(B).  The

Court does not agree. The Rule simply requires the certification order to include a definition of the "the class claims, issues or defenses ...." Fed. R. Civ. P. 23(c)(1)(B). The present class definition satisfies this requirement.

### IV. The Issue of Punitive Damages

Citing *Allison v. Citgo Petroleum Corporation*, 151 F.3d. 402, 417-18 (5th Cir. 1998), Liberty National argues that punitive damages are never recoverable in a Rule 23(b)(2) action. The Court declines the invitation to make this pronouncement. Instead, the Court finds that since declaratory and injunctive issues predominate in this case, punitive damages are not appropriate. If the class prevails, the incidental restitution is more consistent with the primary relief being sought.

Punitive damages will not be awarded to the class.

### V. Liberty National's Substantive Defenses

Finally, Liberty National challenges the certification order's failure to address its McCarran-Ferguson Act, due process, and other defenses. As Liberty National points out in its own brief, this Court should "consider the merits of the case <u>to the degree necessary</u> to determine whether the requirements of Rule 23 [have been] satisfied." *Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1188 n.15 (11th Cir. 2003) (emphasis added). The disposition of these defenses is not "necessary to determine whether the requirements of Rule 23 [have been] satisfied." *See id*.

### VI. Liberty National's Motion to Amend Their Motion for Reconsideration

Liberty National's Motion to Amend is due to be granted. *See* Fed. R. Civ. P. 6(b); Fed. R. Civ. P. 59(e).

### VII. Plaintiff's Motion to Amend the Complaint and to Reconsider Class Certification Order

Class counsel's Motion to Amend the Complaint to add new class representatives and to certify the action under Rule 23(b)(3) is untimely.

Plaintiffs' request to amend their complaint to assert their claims under Rule 23(b)(3) as well as 23(b)(2) are likewise untimely. The request is due to be overruled, without prejudice. *See Klay v. Humana, Inc.*, 382 F.3d 1241 (11th Cir. 2004).

Plaintiffs' motion to reconsider the issue of their standing to represent black American policyholders who purchased policies from companies subsequently acquired by Liberty National or whose blocks of insurance were reinsured by Liberty National is also due to be denied. The alternative motion to give notice to such persons will likewise be denied.

### CONCLUSION

Accordingly, by separate order, the Court will: 1) amend the class certification order to make clear that the policies at issue here are only those policies issued by Liberty National and Service Insurance; 2) amend the definition of "industrial life" policies and "burial" policies, as found in the class certification order; 3) amend the class certification order to eliminate Plaintiffs' state law contract claims; 4) dismiss Plaintiffs' state law contract claims,

without prejudice; 5) eliminate Rule 23(b)(2) certification of Plaintiffs' demand for punitive damages; 6) grant Liberty National's motion to amend their motion for reconsideration; and 7) overrule, without prejudice, Plaintiffs' motion to amend their complaint and to reconsider class certification, as well as the alternative motion to give notice to black Americans whose industrial and/or burial policies were not purchased directly from Liberty National or Service Insurance.

Done this 31st day of March, 2005.

_____
U.W. Clemon
Chief United States District Judge